IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **ESTHER M. NJOROGE** <br> 167 LIONHEAD CT. <br> ROSEDALE, MD 21237 | * <br><br> * | |
| **JECINTA MAINA** <br> 1634 GRAY HAVEN CT. <br> DUNDALK, MD 21222 | * <br><br> * | |
| **JOYCE STUBBS** <br> 1211 N. DECKER AVE. <br> BALTIMORE, MD 21213 | * <br><br> * | Civil No.: _____ |
| **EBUN OLAJIDE** <br> 59 SALIX CT. <br> BALTIMORE, MD 21220 | * <br><br> * | **FLSA COLLECTIVE ACTION** |
| Plaintiffs, | * | |
| v. | * | **JURY TRIAL REQUESTED** |
| **PRIMACARE PARTNERS LLC** <br> **D/B/A VISITING ANGELS** <br> **OF BALTIMORE EAST** <br> 7206 BELAIR ROAD <br> BALTIMORE, MD 21206 | * <br><br> * <br><br> * | |
| **SERVE RESIDENT AGENT:** <br> GINA D. NEGRI <br> 4201 LOWELL DR <br> PIKESVILLE MD 21208 | * <br><br> * <br> * | |
| **GINA D. NEGRI** <br> 4201 LOWELL DR <br> PIKESVILLE MD 21208 | * <br><br> * | |
| Defendants. | | |
| *       *       *       *       *       *       * | | |

## COMPLAINT

Plaintiffs, Esther Njoroge, Jecinta Maina, Joyce Stubbs, and Ebun Olajide ("Plaintiffs") file this complaint against the Defendants, Primacare Partners LLC d/b/a Visiting Angels of

Baltimore East ("VA") and its owner, Gina Negri, who willfully violated the Fair Labor Standards Act ("FLSA"), Maryland Wage and Hour Law ("MWHL"), and Maryland Wage Payment and Collection Law ("MWPCL") when it refused to pay Plaintiffs all wages owed for all hours worked, including overtime wages. In support, Plaintiffs states as follows:

## PARTIES

1. Plaintiff Njoroge is an adult resident of the state of Maryland, Baltimore County.

2. Plaintiff Maina is an adult resident of the state of Maryland, Baltimore County.

3. Plaintiff Stubbs is an adult resident of the state of Maryland, Baltimore City.

4. Plaintiff Olajide is an adult resident of the State of Maryland, Baltimore County.

5. Defendant VA is a for profit corporation, with its principal office located in Maryland and operating in Maryland.

6. Defendant Negri is the sole owner and operator of Defendant VA.

7. Defendant VA is a third-party home care agency that provides in home support services to older adults to allow them to age in place in their own homes.

8. Defendants' in home professional caregivers help Defendants' clients with daily tasks including but not limited to: medication reminders, household chores, errands, bathing, dressing, meal preparation, and one-to-one personalized care.

9. Defendants have an annual gross revenue of at least $500,000.

10. Defendants are engaged in interstate commerce.

11. Defendant Negri is the sole owner of VA.

12. Ms. Negri personally supervises the operation of all of VA's business operations.

13. Ms. Negri interviews prospective employees for Defendants, including Plaintiffs.

14. Ms. Negri hired the Plaintiffs.

15. Ms. Negri sets the manner and amount of pay for Defendants' employees, including Plaintiffs.

16. Ms. Negri assigns clients to Defendants' employees, including Plaintiffs.

17. Ms. Negri sets the schedules for Defendants' employees, including Plaintiffs.

18. Ms. Negri is responsible for the payment of Plaintiffs' wages.

19. Defendants are and were Plaintiffs' joint and co-employers within the meaning of the terms of the FLSA, 29 U.S.C. § 203(d), the MWHL, Md. Ann. Code, Labor & Employment, §3-401(b), and the MWPCL, Md. Ann. Code, Labor & Employment, §3-501.

20. Defendants are subject to the FLSA for owed wages, including unpaid minimum wages and overtime wages.

21. Defendants are subject to the MWHL and the MWPCL, for owed wages, including unpaid minimum wages and overtime wages.

## FACTS CONCERNING DEFENDANT'S WAGE VIOLATIONS

22. Plaintiffs are and/or were all employed by Defendants as in home caregivers for Defendants.

23. Plaintiff Njoroge was hired by Defendants in approximately March 2018.

24. Plaintiff Njoroge last worked for Defendants on January 28, 2022.

25. Plaintiff Maina was hired by Defendants in 2016.

26. Plaintiff Maina is still employed by Defendants.

27. Plaintiff Stubbs was hired by Defendants in 2015.

28. Plaintiff Stubbs is still employed by Defendants.

29. Plaintiff Olajide was hired by Defendants in June 2014.

30. Plaintiff Olajide has not worked for Defendants since December 6, 2021, when her client passed away.

31. Plaintiffs are not registered nurses.

32. Defendants, at the direction of Defendant Negri, assign Plaintiffs to work as caregivers in individual clients' homes.

33. Plaintiffs, as caregivers, work 24 hours a day for multiple consecutive days in a row.

34. Typically, Plaintiffs work between three to five consecutive days in a row, out of a seven day work week, and have the remaining days off.

35. Plaintiffs, on occasion, are required to work on their off days if Defendants are not able to find someone else to fill in.

36. Plaintiffs typically work anywhere from 72 to 120 hours a week, sometimes more.

37. Some clients require Plaintiffs to work more than four or five days in a row.

38. For example, beginning in March 2020, when the COVID-19 pandemic began, Plaintiff Njoroge has been required to work 11 consecutive days in a row, 24 hours a day.

39. From approximately 2016 until December 6, 2021, Plaintiff Olajide worked 24 hours a day for 12 days straight, and then had two days off.

40. From approximately November 2017 to February 2020, Plaintiff Maina worked 24 hour shifts, five days a week.

41. From approximately February 2020 to February 2021, Plaintiff Maina worked 24 hour shifts, four days a week.

42. From approximately February 2021 to February 2022, Plaintiff Maina worked 24 hour shifts, five days a week.

43. Plaintiff Stubbs currently works 24 hour shifts, five days a week.

44. Plaintiffs, on the first day of their workweek, arrive at the clients' homes at approximately 8:00 a.m.

45. When Plaintiffs arrive in their client's home, they call the Defendants to clock-in.

46. Plaintiffs then work 24 hours per day, in the client's home, for the entirety of their shift.

47. Plaintiffs sleep and eat in their clients' homes during their shifts.

48. When Plaintiffs' shifts are over, during the evening of the last day, Plaintiffs call Defendants to clock-out.

49. Plaintiffs then return to their own homes for their days off, before starting their next shift.

50. If Plaintiffs must work an additional day after their shift ends, they call the Defendants to clock out as usual at the end of the last day of their shift and then immediately call to clock back in.

51. When in their clients' homes, Plaintiffs take care of all of the clients' needs, including maintaining their home and providing basic, limited medical services such as taking vitals, giving medications, wound care, and turning and repositioning the clients.

52. Plaintiffs' job duties also include but are not limited to, assisting with bathing, washing dishes, helping with ambulation, preparing food, dressing the clients, brushing clients' hair, doing laundry, cleaning the house, and any other activities of daily living the clients need assistance with.

53. Plaintiffs spend more than 20% of their total weekly hours worked performing general household work and medically related services.

54. Plaintiffs are provided rooms to sleep in at night.

55. Plaintiffs are not able to sleep for five full consecutive, uninterrupted hours per night because of their clients' needs.

56. Defendants do not keep records of the time Plaintiffs are and are not able to sleep.

57. Plaintiffs have to wake up multiple times per night, sometimes as often as every hour, to check on their clients and ensure they are safe and do not need anything.

58. Defendants do not count the time Plaintiffs should be sleeping, but are not, as hours worked.

59. Defendants pay Plaintiffs a day rate, ranging between $140 to $150 dollars per day.

60. Plaintiffs' regular rate of pay, calculated by dividing their total hours worked per work week by the gross pay received per work week, is less than the required minimum wage.

61. Defendants do not pay Plaintiffs overtime pay at a rate of one-and-one-half times their regular rate of pay for overtime hours worked over 40 hours per week.

62. As day rate, non-salaried employees, Plaintiffs are non-exempt employees, entitled to overtime pay, under the FLSA and MWHL.

63. Plaintiffs satisfy all requirements for maintaining claims under the MWHL, the MWPCL, and the FLSA.

64. Defendants willfully and intentionally failed to pay Plaintiffs the required minimum wage for all hours worked in a work week, as required by the MWHL, Labor and Employment § 3-413 and the FLSA, 29 U.S.C. § 206.

65. Defendants willfully and intentionally failed to pay Plaintiffs at a rate of one and one-half times their regular rates of pay for all overtime hours worked over 40 hours in a work week, as required by the MWHL, Labor and Employment § 3-415(a), and the FLSA, 29 U.S.C. § 207.

66. Defendants willfully and intentionally violated the provisions of the Maryland Labor & Employment Code by failing to timely pay Plaintiffs all overtime wages due for all

overtime hours worked, as required by the Maryland Wage Payment and Collection Law, Labor and Employment § 3-505.

67. Over two weeks have elapsed from the date on which Defendants were required to have paid Plaintiffs all owed wages, at the correct hourly rates, including all overtime wages, as required by the Maryland Wage Payment and Collection Law, Labor and Employment § 3- 507.2(a).

68. Defendants' failure to pay Plaintiffs all of their owed wages, including overtime wages, at the correct rate for all hours worked, including all overtime hours worked was not done in good faith and was willful.

69. Defendants' failure to pay Plaintiffs all their owed wages, including overtime wages, at the correct rate, for all hours worked, including all overtime hours worked was not the result of a bona fide dispute.

70. Upon information and belief, Defendants have never had the required notices of employees' wage and hour rights posted on its premises.

## **VENUE**

71. Original jurisdiction in this Court is granted by the FLSA, 29 U.S.C.A. § 207 *et seq.*; this Court also has subject matter jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. § 1331.

72. Venue is appropriate in this jurisdiction based upon the occurrence of the unlawful events, central to this lawsuit, within this District in the State of Maryland.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

73. This action is concurrently maintainable as an "opt-in" collective action pursuant to 29 U.S.C.A. §216(b) as to the claims for unpaid wages, including minimum and overtime wages, liquidated damages, and attorneys' fees under the FLSA.

74. Plaintiffs consent to be party plaintiffs in this matter.

75. Plaintiffs' consent forms are attached to this Complaint as Exhibits 1-4.

76. It is likely that other similarly situated individuals employed or previously employed by Defendants as day rate, non-exempt employees, who performed the same job duties as Plaintiffs, will join Plaintiffs during the litigation of this matter and file written consents to "opt in" to this collective action.

77. The other current and former employees of Defendants who are similarly situated to Plaintiffs were subjected to the same unlawful pay policies and practices by the Defendants.

78. These similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records.

79. Defendants subjected the similarly situated employees to the same pay policies and practices as Plaintiffs.

80. The similarly situated employees would benefit from the issuance of a court-supervised notice, granting them the opportunity to join this lawsuit.

81. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C.A. §216(b), for the purpose of adjudicating their claims for unpaid overtime wages, liquidated damages and attorneys' fees under the FLSA.

## **CLASS ACTION FOR STATE LAW VIOLATIONS**

82. Plaintiffs seek class action status on their claims arising under the MWHL, and MWPCL.

83. Plaintiffs seek class action status of their MWHL and MWPCL claims for similarly situated day rate workers who worked for Defendants at any time during three years prior to the filing of this lawsuit through the present date, in Maryland, and were not paid the required wages for all hours worked, at the correct hourly rate, including overtime wages.

84. The class is so numerous that joinder of all members is impracticable because the number of workers likely exceeds 50.

85. Class action is a superior method because these workers are numerous and unknown but easily identifiable through Defendants' records.

86. Questions of law or fact common to the class, including the core claim that Defendants failed to pay all Plaintiffs and similarly situated employees the required wages at the correct hourly rate, including overtime wages.

87. Claims and defenses of the representative parties are typical of the claims or defenses of the class because Defendants subjected the entire workforce, employed as caregivers, to the same illegal pay policies and, upon information and belief, continue to do so through the present date.

88. The representative parties will fairly and adequately protect the interests of the class because the Plaintiffs are similarly situated to the class and have identical claims and burdens of proof as the class. Plaintiffs' litigation will further the class's interests.

89. A class action furthers judicial economy because Plaintiffs' claims and the class claims require the same proof and elicit the same defenses.

90. A class action reduces the risk of an unjust result to nearly identical claims due to the vagaries of litigation.

91. A class action permits unified discovery and reduces burdensome duplicate discovery and discovery disputes.

## VIOLATIONS OF LAW

### COUNT I – VIOLATIONS OF THE MARYLAND WAGE AND HOUR LAW, FAILURE TO PAY THE REQUIRED MINIMUM WAGE

92. All allegations of the Complaint are expressly incorporated herein.

93. Plaintiffs were and are required to work 24 hours a day for multiple consecutive days each work week.

94. Plaintiffs were paid a day rate for all hours work during each workday during their workweek.

95. Plaintiffs' regular rate of pay was less than the required minimum wage.

96. As non-salaried, day rate employees, Plaintiffs are non-exempt employees under the Maryland Wage and Hour Law, Labor and Employment §§3-403, 3-413, entitling them to be paid the required minimum wage for all hours worked.

97. Defendants willfully violated the provisions of the Maryland Labor & Employment Code by failing to compensate Plaintiffs at the required minimum wage for all hours worked in their workweek.

98. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived minimum wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus liquidated damages, attorney's fees, and costs.

99. There is no bona fide dispute that Plaintiffs are owed the requested minimum wages.

100. <u>Relief requested</u> – Plaintiffs request that: (a) Defendants be ordered to pay them all

minimum wages owed for all hours worked; (b) that Plaintiffs be awarded an additional amount of liquidated damages; (c) that Plaintiffs be awarded pre- and post- judgment interest; and (d) that Plaintiffs be awarded their attorney's fees and costs. Plaintiffs also asks that this Count be certified as a class action.

### COUNT II - VIOLATIONS OF THE MARYLAND WAGE AND HOUR LAW, FAILURE TO PAY THE REQUIRED OVERTIME WAGE

101. All allegations of the Complaint are expressly incorporated herein.

102. Plaintiffs were and are required to work in excess of 40 hours per workweek.

103. As non-salaried, day rate employees, Plaintiffs are non-exempt employees under the Maryland Wage and Hour Law, Labor and Employment §§3-403, 3-415(a), entitling them to be paid overtime at a rate of one and one and one-half times their regular rate of pay for all hours worked in excess of a forty-hour workweek.

104. Defendants willfully violated the provisions of the Maryland Labor & Employment Code by failing to compensate Plaintiffs for overtime hours worked at a rate of one and one and one-half times their regular rate of pay for all hours worked in excess of a 40-hour workweek.

105. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived overtime wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus liquidated damages, attorney's fees, and costs.

106. There is no bona fide dispute that Plaintiffs are owed the requested wages.

107. <u>Relief requested</u> – Plaintiffs request that: (a) Defendants be ordered to pay them all overtime wages owed at a rate of one and one-half times their regular rate of pay for all overtime hours worked; (b) that Plaintiffs be awarded an additional amount of liquidated

damages; (c) that Plaintiffs be awarded pre- and post- judgment interest; and (d) that Plaintiffs be awarded their attorney's fees and costs. Plaintiffs also asks that this Count be certified as a class action.

### COUNT III – VIOLATIONS OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW, FAILURE TO TIMELY PAY ALL WAGES DUE

108. All allegations of the Complaint are expressly incorporated herein.

109. Defendants have not paid Plaintiffs all of their owed wages at the correct hourly rate, including overtime wages.

110. Pursuant to the MWPCL, Md. Code Ann., Labor & Empl. § 3-502, Defendants were obligated to pay Plaintiffs for all wages earned on a regular basis, including overtime wages, at the correct hourly rate.

111. Defendants' actions in failing to pay Plaintiffs all of their owed wages at the correct hourly rate, for all hours worked, including overtime wages for all overtime hours worked, were willful violations of the MWPCL.

112. Over two weeks have elapsed from the date on which the Defendants were required to have paid Plaintiffs all of their owed wages at the correct hourly rate, including overtime wages for all overtime hours worked as required by the Maryland Wage Payment and Collection Law, Labor and Employment § 3- 507.2(a).

113. There is no bona fide dispute as to the wages, including overtime wages, owed to Plaintiffs.

114. <u>Relief requested</u> – Plaintiffs request that: (a) Defendants be ordered to pay Plaintiffs all owed wages, including overtime wages; (b) Plaintiffs be awarded treble damages; (c) that Plaintiffs be awarded pre- and post- judgment interest; and (d) Plaintiffs be awarded their attorney's fees and costs. Plaintiffs also asks that this Count be certified as a class action.

**COUNT IV – <u>FLSA CLAIM FOR OWED MINIMUM WAGES/WILLFUL VIOLATIONS</u>**

115. All allegations of the Complaint are expressly incorporated herein.

116. Plaintiffs are entitled to minimum wages under the Fair Labor Standards Act, 29 U.S.C. § 206 for all hours worked.

117. Defendants violated the provisions of the Fair Labor Standards Act by willfully and intentionally failing and refusing to pay Plaintiffs all minimum wages owed for all hours worked per work week, as required by the FLSA, 29 U.S.C. § 206.

118. <u>Relief requested</u> – Plaintiffs request that: (a) Defendants be ordered to pay Plaintiffs all minimum wages owed for all hours worked; (b) liquidated damages be assessed against Defendants; (c) Plaintiffs be awarded pre- and post- judgment interest; and (d) Plaintiffs be awarded their attorneys' fees and costs. In addition, Plaintiffs request that an Order issue certifying this Count as a collective action and enjoining Defendants to comply with the FLSA. Plaintiffs further request that this Court issue an affirmative injunction directing that Defendants appoint an independent third party, trained in wage-hour compliance, to monitor and supervise its pay practices.

**COUNT V - <u>FLSA CLAIM FOR OWED OVERTIME/WILLFUL VIOLATIONS</u>**

119. All allegations of the Complaint are expressly incorporated herein.

120. Plaintiffs are entitled to overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 207 for all overtime hours worked.

121. Defendants violated the provisions of the Fair Labor Standards Act by willfully and intentionally failing and refusing to pay Plaintiffs all overtime wages at a rate of one and one-half times their regular rate of pay for all overtime hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. § 207.

122. <u>Relief requested</u> – Plaintiffs request that: (a) Defendants be ordered to pay Plaintiffs all overtime wages for all overtime hours worked; (b) liquidated damages be assessed against Defendants; (c) Plaintiffs be awarded pre- and post- judgment interest; and (d) Plaintiffs be awarded their attorneys' fees and costs. In addition, Plaintiffs request that an Order issue certifying this Count as a collective action and enjoining Defendants to comply with the FLSA. Plaintiffs further request that this Court issue an affirmative injunction directing that Defendants appoint an independent third party, trained in wage-hour compliance, to monitor and supervise its pay practices.

Respectfully submitted,

Stephen Lebau, Bar #07258
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
tel. 443.273.1203
fax. 410.296.8660
sl@joblaws.net

Devan M. Wang, Bar #30211
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
tel. 443.273.1207
fax. 410.296.8660
dw@joblaws.net

*Attorneys for the Plaintiff*

## REQUEST FOR JURY TRIAL

Plaintiff requests that a jury of their peers hear and decide the claims asserted in this Complaint.

_____
Devan M. Wang, #30211