IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ESTHER NJOROGE ET AL., | * |
| Plaintiffs, | * |
| v. | * |
| PRIMACARE PARTNERS, LLC, ET AL., | *   Civil No. 22-0425-BAH |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

    This action was brought by Plaintiffs who allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*, and related state labor laws, against their former employer, PrimaCare Partners, LLC, d/b/a Visiting Angels of Baltimore East (hereinafter "PrimaCare Partners") and PrimaCare Partners' sole owner, Gina D. Negri (collectively "Defendants"). Pending before the Court are Plaintiffs' Motions to Permit the Late Opt-In of Latreshia Bland and Kellie Lee (collectively "the motions").  ECFs 95 and 97.  Defendants filed oppositions to the Motions (collectively "the oppositions").  ECFs 98 and 100. Plaintiffs filed a reply.  ECF 101.[1] Plaintiffs' motions and Defendants' oppositions included memoranda of law in support.  ECFs 95-1, 97-1, 98-1, 100-1.  The Court has reviewed all relevant filings, including Plaintiffs' motions, Defendants' oppositions, Plaintiffs' reply, and finds that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  Accordingly, for the reasons stated below, Plaintiffs' motions are **GRANTED**.

---

[1] The Court references all filings by their respective ECF numbers.  All cited page numbers refer to the ECF-generated page numbers at the top of the page.

I.     **RELEVANT BACKGROUND**

Four named Plaintiffs, Esther Njoroge, Jecinta Maina, Joyce Stubbs, and Ebun Olajide, brought this suit on February 21, 2022, as a collective action under the FLSA and related state labor laws. ECF 1. A more thorough recitation of the factual background can be found in the Court's September 26, 2022, Memorandum Opinion. ECF 42, at 2–6. In that Memorandum Opinion and accompanying Order, the Court granted Plaintiffs' Motion for Conditional Certification and to Facilitate Notice Under the FLSA to all current and former in-home caregiver employees who regularly worked 24-hour shifts and/or who worked more than 40 hours per week for Defendants from February 22, 2019, to present. ECFs 42 and 43. Potential collective action members had until February 13, 2023, to opt into the lawsuit as plaintiffs. *See* ECF 43; ECF 95-1, at 1; ECF 98-1, at 1. Plaintiffs' counsel had until February 23, 2023, to submit the consent forms for the opt-in plaintiffs to the Court. *See* ECF 43; ECF 95-1, at 1; ECF 98-1, at 1. Thirty-nine plaintiffs timely filed their consents to opt in. *See* ECFs 45, 52–89.

On February 27, 2023, the parties filed a joint status report and requested a limited discovery schedule. ECF 90. The Court granted the request and ordered the parties to submit a joint status report to the Court by June 30, 2023, following the conclusion of the limited discovery period. ECF 91. After Latreshia Bland filed her opt-in consent on March 2, 2023, ECF 92, Plaintiffs filed the Motion to Permit the Late Opt-In of Latreshia Bland on March 7.[2] ECF 95. Defendants filed their opposition on March 14. ECF 98. On March 10, Kellie Lee filed her opt-in consent, ECF 96, and Plaintiffs filed the corresponding motion, ECF 97. Defendants filed their opposition on March 16. ECF 100. Plaintiffs jointly replied to both oppositions on March 16. ECF 101. The motions are now ripe for disposition.

---

[2] Plaintiffs had first filed a notice of their intent to file the motion regarding Latreshia Bland. ECF 93. The Court permitted Plaintiffs to file the motion without a pre-motion call. ECF 94.

2

## II.     LEGAL STANDARD

Opt-in deadlines in collective action cases are prescribed by the Court, not the FLSA.[3] *Randolph v. PowerComm Const., Inc.*, 309 F.R.D. 349, 361 (D. Md. 2015). As such, the Court has great latitude in determining whether to permit plaintiffs to opt in late. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989) ("[C]ourts traditionally have exercised considerable authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962))). "[C]ourts have generally decided the question [of whether to permit untimely opt-in plaintiffs] by balancing various combinations of the following factors: (1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Randolph*, 309 F.R.D. at 361 (citing *Regan v. City of Charleston, S.C.*, No. 2:13-CV-3046-PMD, 2015 WL 1299967, at *2 (D.S.C. Mar. 23, 2015). "No single factor is dispositive." *Jones v. Fid. Res., Inc.*, No. RDB-17-1447, 2019 WL 4141015, at *5 (D. Md. Aug. 30, 2019).

## III.    ANALYSIS

Though both sides have pointed to the same relevant factors, they each argue that the factors warrant opposite results. ECF 95-1, at 2; ECF 97-1, at 2–3; ECF 98-1, at 4; ECF 100-1, at 4. Plaintiffs argue that the factors counsel in favor of permitting Ms. Bland and Ms. Lee to opt in despite filing their consents 17 days and 25 days late, respectively. ECF 95-1, at 3–4; ECF 97-1, at 3–4. Specifically, Plaintiffs contend (1) that Defendants will not be unduly prejudiced because the opt-ins are only a few weeks late and because the discovery opt-in period has not yet closed,

---

[3] Both Plaintiffs and Defendants have correctly identified the relevant factors for deciding whether to permit late opt-in plaintiffs. ECF 95-1, at 2; ECF 97-1, at 2–3; ECF 98-1, at 4; ECF 100-1, at 4.

(2) that permitting the opt-ins promotes judicial economy, and (3) that the FLSA's remedial purpose suggests permitting the late opt-ins. ECF 95-1, at 3–4; ECF 97-1, at 3–4. Defendants counter (1) that Plaintiffs have not shown good cause for the delay, (2) that Defendants would be prejudiced by the late opt-ins, (3) that permitting the late opt-ins would delay litigation, not serve judicial economy, and (4) that permitting the late opt-ins would overextend the FLSA's remedial purpose. ECF 98-1, at 5–7; ECF 100-1, at 5–7.

The Court agrees with Plaintiffs that the factors outlined in *Randolph* support permitting the late opt-ins of Ms. Bland and Ms. Lee. First, though Plaintiffs have not precisely explained how Ms. Bland's and Ms. Lee's delay was for good cause, Ms. Lee's delay, at least, appears to have been the fault of mail delays. Plaintiffs explained that Ms. Lee's opt-in notice was post-marked six days *before* the close of the opt-in period. ECF 97-1, at 2. Ms. Bland's was post-marked three days after the close of the opt-in period. ECF 95-1, at 2. Further, the remaining factors weigh strongly in Plaintiffs' favor. Both consent forms were filed within twenty-five days of the close of the opt-in period and within fifteen days of the deadline to file the consents with the Court. Thus, the timing factor favors permitting the untimely opt-ins here. *See, e.g.*, *Jones*, 2019 WL 4141015, at *5 (permitting opt-in plaintiffs who had filed consents about three months late); *Stafford v. Bojangles Rests., Inc.*, No. 3:20-CV-266-MOC, 2021 WL 4947304, at *2 (W.D.N.C. Oct. 25, 2021) (same).

Defendants will not be unduly prejudiced by two additional plaintiffs. The opt-in discovery period closes April 30, and producing information for forty-one, instead of thirty-nine, plaintiffs will only nominally, if at all, increase Defendants' burden. *See Randolph*, 309 F.R.D. at 361 ("Further, [the defendant employer] had the information on these four [late] Plaintiffs for several months before the end of discovery."). Permitting Ms. Bland and Ms. Lee to join this suit also

4

serves the interests of judicial economy. "[T]here is little economy in spawning identical FLSA lawsuits that themselves might be properly joined with this lawsuit in the future." *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d. 30, 38 (N.D.N.Y. 2009). Finally, allowing Ms. Bland and Ms. Lee to opt in late aligns with the remedial purpose of the FLSA. *See Robinson-Smith v. Gov't Emps. Ins. Co.*, 424 F. Supp. 2d 117, 123–24 (D.D.C. 2006) ("The addition of four opt ins will not substantially prejudice the defendant and is consistent with a broad and flexible reading of the statute and with the Court's discretion in these matters." (citing *Kelley v. Alamo*, 964 F.2d 747, 749–50 (8th Cir. 1992); *Raper v. State of Iowa*, 165 F.R.D. 89, 91 (S.D. Iowa 1996))). Contrary to Defendants' suggestion, that purpose is not overextended by allowing the late opt-ins here.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motions are GRANTED. A separate Order will issue.

Dated: March 24, 2023

/s/
Brendan A. Hurson
United States Magistrate Judge