IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ESTHER NJOROGE ET AL.,** | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. 22-0425-BAH |
| **PRIMACARE PARTNERS, LLC, ET AL.,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This action was brought by Plaintiffs who allege violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and related state labor laws, against their former employer, PrimaCare Partners, LLC, d/b/a Visiting Angels of Baltimore East and PrimaCare Partners' sole owner, Gina D. Negri (collectively "Defendants"). Pending before the Court is Plaintiffs' Motion to Permit the Late Opt-In of Mavis Brooks. ECF 105. Defendants oppose the motion. ECF 106. Plaintiffs filed a reply. ECF 107.[1] Plaintiffs' motion includes a memorandum of law and an affidavit of Mavis Brooks in support. ECFs 105-1, 105-2. Defendants' opposition also includes a memorandum of law in support. ECF 106-1. The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). Accordingly, for the reasons stated below, Plaintiffs' motion is **GRANTED**.

I.   **RELEVANT BACKGROUND**

Four named Plaintiffs, Esther Njoroge, Jecinta Maina, Joyce Stubbs, and Ebun Olajide, brought this suit on February 21, 2022, as a collective action under the FLSA and related state

---

[1] The Court references all filings by their respective ECF numbers. All cited page numbers refer to the ECF-generated page numbers at the top of the page.

labor laws. ECF 1. A more thorough recitation of the factual background can be found in the Court's September 26, 2022, Memorandum Opinion. ECF 42, at 2–6. In that Memorandum Opinion and accompanying Order, the Court granted Plaintiffs' Motion for Conditional Certification and to Facilitate Notice Under the FLSA to all current and former in-home caregiver employees who regularly worked 24-hour shifts and/or who worked more than 40 hours per week for Defendants from February 22, 2019, to present. ECFs 42 and 43. Potential collective action members had until February 13, 2023, to opt into the lawsuit as plaintiffs. *See* ECF 43; ECF 95-1, at 1; ECF 98-1, at 1. Plaintiffs' counsel had until February 23, 2023, to submit the consent forms for the opt-in plaintiffs to the Court. *See* ECF 43; ECF 102, at 2. Thirty-nine plaintiffs timely filed their consents to opt in. *See* ECFs 45, 52–89.

On February 27, 2023, the parties filed a joint status report and requested a limited discovery schedule. ECF 90. The Court granted the request and ordered the parties to submit a joint status report to the Court by June 30, 2023, following the conclusion of the limited discovery period. ECF 91. Thereafter, Plaintiffs moved to permit the late opt-ins of Latreshia Bland and Kellie Lee. ECFs 95, 97. Over Defendants' opposition, on March 24, 2023, the Court permitted Ms. Bland and Ms. Lee to opt in late. ECFs 103, 104. Plaintiffs filed the instant motion to permit Ms. Brooks' late opt-in on April 27, 2023. ECF 105. Defendants filed their opposition on April 28, 2023. ECF 106. The same day, Plaintiffs replied. ECF 107. The motions are now ripe for disposition.

## II.     LEGAL STANDARD

Opt-in deadlines in collective action cases are prescribed by the Court, not the FLSA. *Randolph v. PowerComm Const., Inc.*, 309 F.R.D. 349, 361 (D. Md. 2015). As such, the Court has great latitude in determining whether to permit plaintiffs to opt in late. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989) ("[C]ourts traditionally have exercised

considerable authority 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962))). "[C]ourts have generally decided the question [of whether to permit untimely opt-in plaintiffs] by balancing various combinations of the following factors: (1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Randolph*, 309 F.R.D. at 361 (citing *Regan v. City of Charleston, S.C.*, No. 2:13-CV-3046-PMD, 2015 WL 1299967, at *2 (D.S.C. Mar. 23, 2015). "No single factor is dispositive." *Jones v. Fid. Res., Inc.*, No. RDB-17-1447, 2019 WL 4141015, at *5 (D. Md. Aug. 30, 2019).

## III.   ANALYSIS

Plaintiffs argue that the factors counsel in favor of permitting Ms. Brooks to opt in despite filing her consent after the deadline.[2] ECF 105-1, at 2–4. Ms. Brooks, in her affidavit, explains that she filled out the consent form and placed it in the mail in November 2022. ECF 105-2 ¶ 6. In April 2023, the envelope was returned to her as undeliverable. *Id.* ¶ 7. Defendants argue that the factors do not support allowing Ms. Brooks to opt in here. ECF 106-1, at 5–7.

The Court agrees with Plaintiffs that the factors outlined in *Randolph* support permitting the late opt-in of Ms. Brooks. First, Plaintiffs have demonstrated good cause. The late opt-in does not appear to be the result of any delay on the part of Ms. Brooks or Plaintiffs' counsel. Ms. Brooks promptly mailed her consent, well in advance of the February deadline. Defendants point to caselaw in which the Fourth Circuit upheld the denial of a late opt-in plaintiff when the potential plaintiff relied on "the vagaries of the mail [and] must suffer the consequences." *In re Food Lion, Inc.*, 151 F.3d 1029 (Table), 1998 WL 322682, at *10 (4th Cir. June 4, 1998); ECF 106-1, at 5.

---

[2] The argument section of Plaintiffs' memorandum repeatedly refers to a "Ms. Scott" rather than Ms. Brooks. ECF 105-1, at 2–4. The Court assumes this to be a scrivener's error.

3

The delay here, however, does not seem to be a typical "vagary" of the mail—the envelope was returned undeliverable five months after it was sent, and the recipient address had, presumably, received dozens of the same envelopes from other opt-in plaintiffs without issue. Thus, the facts here are not similar to those in *Food Lion*, where the potential plaintiff mailed his consent on the date of the deadline itself. 1998 WL 322682, at *10.

Further, the remaining factors weigh in Plaintiffs' favor. Courts have routinely permitted opt-ins several months after the court-imposed deadline. *See, e.g.*, *Jones*, 2019 WL 4141015, at *5 (permitting opt-in plaintiffs who had filed consents about three months late); *Stafford v. Bojangles Rests., Inc.*, No. 3:20-CV-266-MOC, 2021 WL 4947304, at *2 (W.D.N.C. Oct. 25, 2021) (same). Defendants will not be unduly prejudiced by one additional plaintiff. They have pointed to no specific prejudice beyond "delaying their ability to conduct full discovery of the potential collective and ultimately file a motion to decertify this collective action." ECF 106-1, at 6. Discovery has not yet closed, and producing information for forty-two, instead of forty-one, plaintiffs will only nominally, if at all, increase Defendants' burden. *See Randolph*, 309 F.R.D. at 361 ("Further, [the defendant employer] had the information on these four [late] Plaintiffs for several months before the end of discovery."). Permitting Ms. Brooks to join this suit also serves the interests of judicial economy. "[T]here is little economy in spawning identical FLSA lawsuits that themselves might be properly joined with this lawsuit in the future." *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 38 (N.D.N.Y. 2009). Finally, allowing Ms. Brooks to opt in late aligns with the remedial purpose of the FLSA. *See Robinson-Smith v. Gov't Emps. Ins. Co.*, 424 F. Supp. 2d 117, 123–24 (D.D.C. 2006) ("The addition of four opt ins will not substantially prejudice the defendant and is consistent with a broad and flexible reading of the statute and with the Court's discretion in these matters." (citing *Kelley v. Alamo*, 964 F.2d 747, 749–50 (8th Cir. 1992); *Raper*

*v. State of Iowa*, 165 F.R.D. 89, 91 (S.D. Iowa 1996))).  Contrary to Defendants' suggestion, that purpose is not overextended by allowing the late opt-in here.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' motion us GRANTED.  A separate Order will issue.


Dated: May 1, 2023                                                    /s/
                                                        Brendan A. Hurson
                                                        United States Magistrate Judge