IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

|  |  |
|---|---|
| ANDRENA CARTER and ROSA STRONG<br><br>Plaintiffs,<br><br>v.<br><br>PRIMACARE PARTNERS LLC d/b/a VISITING ANGELS OF EAST BALTIMORE, *et al.*,<br><br>Defendants. | Case No.: 22-cv-425-ADC |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

The named Plaintiffs Andrena Carter and Rosa Strong, individually and as representatives on behalf of a purported class or collective (collectively, "Plaintiffs"), and the Defendants Primacare Partners LLC and Gina Negri (collectively "Defendants"), jointly request that this Court approve the Settlement Agreement and Release ("Settlement Agreement") between the parties in the above-captioned matter. Plaintiffs and Defendants may hereinafter be collectively referred to as the "Parties". In support hereof, the Parties state as follows:

I.    **BACKGROUND**

1.    On February 21, 2022, former employees of Defendants filed a complaint against Defendants in the United States District Court for the District of Maryland (the "Action"), alleging Defendants failed to pay minimum and overtime wages under the FLSA, Maryland Wage and Hour Law ("MWHL"), and Maryland Wage Payment and Collection Law ("MWPCL"). The claims of the four named Plaintiffs in the Action, as well as the claims of sixteen (16) opt-in Plaintiffs (collectively, the "Former Plaintiffs"), were settled on or about January 17, 2024, when the Court approved a settlement agreement between the Former Plaintiffs and Defendants.

Plaintiffs Carter and Strong were expressly excluded from that agreement, and their claims continued.

2. On February 13, 2024, the Plaintiffs filed an Amended Complaint against Defendants in the United States District Court for the District of Maryland (the "Lawsuit") alleging failure to pay overtime wages under the FLSA, Maryland Wage and Hour Law ("MWHL"), and Maryland Wage Payment and Collection Law ("MWPCL") (Counts I-III). Only the settlement of the FLSA claims is subject to approval by this Court.

3. Plaintiffs each worked as hourly caregivers for Defendants. Plaintiffs claimed that they were required to work overtime hours without overtime pay.

4. Throughout the litigation of this Lawsuit, Defendants have maintained that Plaintiffs were properly paid all wages under the FLSA and Maryland wage and hour laws for all overtime hours worked. Defendants have further averred that Plaintiffs were instructed to clock-in and clock-out for each shift, were instructed to never work off-the-clock, and that Plaintiffs' calculations were inaccurate as to the number of hours Plaintiffs allegedly worked for which they claimed they were due wages. Defendants have also maintained that any alleged violation of the applicable law with respect to Plaintiffs' wages was not willful.

5. Each Party propounded written discovery requests on the other Party, in addition to discovery conducted during the Action. However, to avoid the costs of further litigation, the Parties engaged in settlement negotiations. The Parties have now fully memorialized the terms of the settlement of this matter, and all Parties have executed a Settlement Agreement and General Release ("Settlement Agreement"). A copy of the Settlement Agreement is attached for the Court's review and approval. (*See* Exhibit A).

6. The Settlement Agreement provides that the Defendants will pay the sum of Five

Thousand Four Hundred Dollars ($5,400.00) to the Plaintiffs, inclusive of all costs and attorneys' fees. The total amount of the settlement that is allocated to the Plaintiffs is $1,700.00. Thus, each Plaintiff will receive $850.00 in owed wages under the settlement.

7. This settlement does not represent or admit any liability on the part of Defendants.

8. The payments are to be made on July 17, 2024.

9. In exchange for the settlement payments, the Plaintiffs have agreed to dismiss with prejudice any and all claims against Defendants.

10. As part of the Settlement Agreement, Defendants will pay the Plaintiffs' counsel, Lebau & Neuworth, LLC, Three Thousand Seven Hundred Dollars ($3,700.00), for fees and costs associated with pursuing Plaintiffs' claims in the Lawsuit. Payment to Plaintiffs' counsel will also be made on July 17, 2024.

## II. THE PROPOSED SETTLEMENT AGREEMENT IS FAIR AND REASONABLE

In order to have binding effect, settlement of an FLSA lawsuit must be approved by the court for fairness. *See Saman v. LBDP, Inc.*, No. 12-1083, 2013 U.S. Dist. LEXIS 83414, at *6-8 (D. Md. June 13, 2013); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). This Court may approve the Settlement Agreement related to FLSA claims upon a determination that it is a fair and reasonable resolution of a *bona fide* dispute. *See e.g., Lynn's Food Stores, Inc.*, 679 F.2d at 1355 (11th Cir. 1982). If a *bona fide* dispute exists, courts evaluate the fairness and reasonableness of the settlement using the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the Plaintiffs; (5) the opinions of [ ] counsel; and (6) the probability of Plaintiff's success on the merits and the amount of settlement in relation to the potential recovery.

*Lomascolo v. Parsons Brinckerhodd, Inc.*, No. 08-1310, 2009 LEXIS 89136, at *29 (E.D. Va. June 23, 2009).

In this case, Plaintiffs alleged combined total unpaid overtime wages in the amount of $2,345.57, without enhancement.

In response, the Defendants (a) challenged the calculations of the hours worked, (b) strongly disputed the number of hours worked, (c) asserted that Plaintiffs overstated the amount of hours that they worked, and (d) raised other defenses. However, the Defendants agreed to pay unpaid wages in the amounts identified above to avoid incurring additional legal expenses in litigation and to obtain a valid release of claims from the Plaintiffs.

The Parties also agreed that Defendants would pay Plaintiffs' attorneys $3,700 for fees and costs associated with pursuing Plaintiffs' claims in the Lawsuit.

It is important to note the settlement terms provide for 72.5% of the Plaintiffs' claimed, overtime wages owed. Each Plaintiff will receive their settlement payments in two checks; half paid as W-2 wages and half paid as 1099 payments. Given the numerous factual and legal disputes between the Parties, the Court can easily conclude that the settlement of the Plaintiffs' wage claims is a fair, adequate, and reasonable resolution of a *bona fide* dispute, and confers a substantial benefit upon Plaintiffs.

### A. The Extent of Discovery and the Stage of the Proceedings.

In anticipation of settlement, the Parties agreed to informally provide information and documentation concerning Plaintiffs' claims to each other. This exchange of information allowed the respective counsel to evaluate the claims and defenses raised in the Lawsuit.

4

94909022.2

**B.     Absence of Fraud or Collusion in the Settlement.**

The Settlement Agreement is the product of arms-length negotiations. The Parties participated in settlement discussions for over a month that ultimately resolved the Lawsuit. Neither party alleges collusion or fraud.

**C.     The Experience of Counsel who Represented Plaintiff.**

Counsel for Plaintiff, Stephen B. Lebau and Devan M. Wang, proffer to the Court that they have significant experience representing plaintiffs in wage and hour litigation in federal courts.

**D.     The Opinion of Counsel and the Probability of Plaintiffs' Success on the Merits.**

With respect to this factor, Plaintiffs' counsel proffers that they have advised their clients regarding the settlement terms and have recommended judicial approval thereof. The Plaintiffs have executed the Settlement Agreement.

**E.     The Probability of Plaintiffs' Success on the Merits and the Amount of Settlement in Relation to the Potential Recovery.**

The Parties (and their counsel) have had sufficient time to review, analyze, and consider each other's position in the Lawsuit. Following over a one-month period of settlement discussions, the Parties have now reached a proposed settlement contingent upon court approval. Given the inherent risks and costs associated with further litigation, the Parties have entered into a fair and reasonable settlement.

**F.     The Resolution of Plaintiffs' Request for Attorneys' Fees incurred in connection to their FLSA Claim for Unpaid Overtime.**

The Parties were able to resolve the amount of legal fees and costs that would be paid to Plaintiffs' attorneys in connection with Plaintiffs' overtime claims raised in the Lawsuit.

Plaintiffs' Counsel's billing rates are in accordance with the local rules and approved hourly billing rates. Stephen Lebau's hourly rate is $525; Devan Wang's hourly rate is $390. The hourly rates have been approved by this Court in recent FLSA settlements.

Plaintiffs' counsel asserts that prior to reaching the settlement agreement, they expended 14.60 hours of attorney time in pursuit of Plaintiffs' claims raised in the Lawsuit. Under a lode star calculation, Plaintiffs' counsels' attorney time has a value of at least $5,718. Plaintiffs' costs totaled $40 prior to reaching this settlement.

In order to resolve their claims for attorney's fees and costs, Plaintiffs' counsel have agreed to reduce their attorney's fees and costs by approximately 36%. As such, the attorneys' fees and costs allocated in the Settlement Agreement are reasonable.

**III. <u>CONCLUSION</u>**

The Parties agree that the proposed Settlement Agreement is a fair and reasonable compromise of a *bona fide* dispute. It is the product of extensive arms-length negotiations, it confers substantial benefits upon Plaintiffs, and it represents a reasonable compromise in light of the costs, risks, and time associated with further litigation. Accordingly, good cause having been shown, the Parties request that this Court approve the Settlement Agreement.

Dated: June 14, 2024

Respectfully submitted,

| /s/ | /s/ |
|---|---|
| Stephen B. Lebau, (Bar No. 07258) | Tony W. Torain, II (#92743) |
| Devan M. Wang, (Bar No. 30211) | POLSINELLI PC |
| LEBAU & NEUWORTH, LLC | 1401 Eye Street N.W., Suite 800 |
| 502 Washington Ave, Ste 720 | Washington, DC 20005 |
| Towson, Maryland 21204 | T: (202) 626-8378 | Fax: (202) 403-3280 |
| T: (443) 273-1207 | Fax: (410) 296-8660 | twtorain@polsinelli.com |
| dw@joblaws.net | sl@joblaws.net | |
| | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | |

94909022.2